would be proper that the order of dismissal be rescinded and the cause remanded to the circuit court of the first circuit for trial or such other proceedings as may be appropriate, and it is so ordered. The exceptions are sustained. *Thayer & Hemenway* for plaintiff. *C. W. Ashford* for defendant.

---

No. 63. YOUNG HIN ET AL., PLAINTIFFS IN ERROR, v. H. HACKFELD AND COMPANY, LIMITED, AND HONOKAA SUGAR COMPANY, LIMITED, DEFENDANTS IN ERROR. Motion of plaintiffs in error in two cases entitled as above for rehearing on the following grounds: "1. The supreme court in its decision in said cases rendered January 28, 1905, overlooked ond did not consider the following matters which are decisive of said case which plaintiffs in error called to the attention of the court in their brief: a. That the district magistrate had no jurisdiction over the matter of the garnishment proceedings for lack of a written petition, which this court has held to be necessary in *Frag v. Alams,* 5 Haw. 664. The court's decision misconstrues the contention of plaintiffs in error to be that the garnishee summons fails to contain a petitnon for process against the garnishee. Such was not the contention for the summons does contain a recital of such a petitnon, but the contention is that under said ruling in *Frag v. Adams* to give a district magistrate jurisdiction there must not only be a summons but also a written petition. A summons signed by a district magistrate, no matter what may be its recitals is not the written petition of the plaintiff. b. That if the district magistrate took judicial notice of his judgment of two days before, he should have taken judicial notice that that was a judgment given without jurisdiction over the garnishees in that case and without evidence against most of them; in that there was no written petition for process in that case; and that most of the garnishees were unserved and no evidence was given that garnishees were partners or jointly liable in any sum to the defendants in that case. 2. That the deci-

sion is largely based on a point not raised by either plaintiffs in error or defendants in error and decided without hearing argument thereon and that on said point the decision is incorrect and contrary to a controlling statute of the Territory to which the attention of the court was not drawn. The said point is that 'plaintiffs in error cannot assign errors committed against a co-defendant where rights as in this case are not affected by the error.' ". Argued March 8, 1905. Decided, March 10, 1905. Per curiam: The motion is denied.. *Lyle A. Dickey* for plaintiffs in error. *C. Brown, F. E. Thompson* and *C. F. Clemons* for defendants in error.

---

No. 64. YOUNG HIN, WONG TAI, WONG WAH, CHU LUM CHEE, CHU KOW, YOUNG LIN, YOUNG CHONG, LAM TAI, CHU KING, SAM SUN, LEE WO, CHAN WING, AH SUN, CHAN SING, LUNG YEE, CHAN HANG, HIN YORK, LEE CHIN, SEE SING, SEE CHONG, CHAI LEP SING AND CHU CHEE, PLAINTIFFS IN ERROR, *v.* H. HACKFELD AND COMPANY, LIMITED, A HAWAIIAN CORPORATION AND HONOKAA SUGAR COMPANY, LIMITED, A HAWAIIAN CORPORATION, DEFENDANTS IN ERROR. Writ of error to the district magistrate of Honokaa, island of Hawaii. Submitted January 3, 1905. Decided January 28, 1905. Per curiam: The writ of error is dismissed, following decision this day made in another case between the same parties. *Lyle A. Dickey* for plaintiffs in error. *C. Brown, F. E. Thompson* and *C. F. Clemons* for defendants in error.

---

No. 65. YOUNG HIN, WONG TAI, WONG WAH, CHU LUNG CHEE, CHU CHEE, CHU KOU, YOUNG LIN, YOUNG CHONG, LAM TAI, CHU KING, SAM SUN, LEE WO, CHAN WING, AH SUN. CHAN SIN, LUNG YEE, CHUN HANG, HIN YORK, LEE CHIN, SEE SING, SU CHONG AND CHAI LEP SING, PLAINTIFFS IN ERROR. *v.* VON HAMM YOUNG COMPANY, LIMITED, A HAWAIIAN CORPO-